# *EXHIBIT A*



**Service of Process Transmittal**
05/19/2021
CT Log Number 539583784

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Michigan**

**FOR:** Wal-Mart Stores, Inc.  (Former Name)  (Domestic State: DE)
WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Thornton Diana, Pltf. vs. Walmart Stores, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Proof(s), Complaint, Attachment(s), First Set of Interrogatories, Request |
| **COURT/AGENCY:** | Wayne County - 3rd Circuit Court, MI<br>Case # 21005341NO |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 06/23/2018, 29574 W. 7 Mile Rd., Livonia, Wayne, MI |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/19/2021 postmarked on 05/17/2021 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days |
| **ATTORNEY(S) / SENDER(S):** | Brian L. Fantich<br>Law Office of Kelman & Fantich<br>30903 Northwestern #270<br>Farmington Hills, MI 48334<br>248-855-0100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/19/2021, Expected Purge Date: 05/24/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / TD

NEOPOST
05/17/2021
US POSTAGE $0

Walmart Stores, Inc.
c/o The Corporation Company
40600 Ann Arbor Road, Ste. 201
Plymouth, MI 48170

*Law Offices of*
**Kelman & Fantich**
*Attorneys & Counselors at Law*
30903 NORTHWESTERN HIGHWAY
SUITE 270
FARMINGTON HILLS  MI  48334



CERTIFIED MAIL®

7020 1290 0001 2091 4226

Approved, SCAO

| Original - Court | 2nd Copy - Plaintiff |
| 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-005341-NO<br>Hon. Patricia Perez Fresard |

Court address : 2 Woodward Ave., Detroit MI 48226    Court telephone no.: 313-224-5173

**Plaintiff's name(s), address(es), and telephone no(s)**
THORNTON, DIANA

v

**Defendant's name(s), address(es), and telephone no(s).**
WALMART STORES, INC., a Foreign Profit Corporation

**Plaintiff's attorney, bar no., address, and telephone no**

Brian L. Fantich 60935
30903 Northwestern Hwy Ste 270
Farmington Hills, MI 48334-3148

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.      **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
| 4/28/2021 | 7/28/2021 | Carlita McMiller |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)    **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| SUMMONS |
|---|
| Case No.: **21-005341-NO** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                       Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
Day, date, time
_____ on behalf of _____
Signature

21-005341-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 4/28/2021 3:11 PM Carlita McMiller

.STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DIANA THORNTON,

    Plaintiff,

vs.                                        Case No.      NO
                                           Hon.

WALMART STORES, INC., a Foreign
Profit Corporation

WAL-MART STORES, EAST, LIMITED
PARTNERSHIP, a Foreign Limited Partnership

WAL-MART ASSOCIATES, INC., a Foreign Profit
Corporation

    Defendants.

_____/
LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER P64540
ADAM J. GANTZ P58558
Attorney for Plaintiff
30903 Northwestern #270
Farmington Hills, MI 48334
(248) 855-0100
FAX (248) 855-3557
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT

NOW COMES the above-named Plaintiff, by and through her attorneys, THE LAW OFFICE KELMAN & FANTICH, and files this Complaint against the Defendant and states as follows:

1. That Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, WALMART STORES, INC., a Foreign Profit Corporation doing business at 29574 W. 7 Mile Rd., in the City of Livonia, County of Wayne, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

3. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, WAL-MART STORES, EAST, LIMITED PARTNERSHIP, a Foreign Limited Partnership doing business at 29574 W. 7 Mile Rd., in the City of Livonia, County of Wayne, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

4. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, WAL-MART ASSOCIATES, INC., a Foreign Profit Corporation doing business at 29574 W. 7 Mile Rd., in the City of Livonia, County of Wayne, State of Michigan with its resident agent, The Corporation Company, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

5. That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

6. That on or about June 23, 2018, the Defendants, did business and was the owners and/or maintainers of real property located at 29574 W. 7 Mile Rd., in the City of Livonia, County of Wayne, State of Michigan.

7. That on or about June 23, 2018, Defendants had exclusive possession and control over the area where the incident occurred.

8. That on or about June 23, 2018, Plaintiff was a business invitee at Defendant's establishment located at 29574 W. 7 Mile Rd., in the City of Livonia, County of Wayne, State of Michigan; that on that date, Plaintiff was walking on Defendants' premises when, suddenly and without warning, she slipped and fell on a slippery, transparent liquid substance that had been

allowed to accumulate on the floor for an unreasonable length of time, which blended with the color and contour of the floor and which caused Plaintiff to sustain serious and disabling injuries, as more fully hereinafter set forth.

9. That at all times relevant to the within, the Defendants owed a duty to the Plaintiff to properly maintain the premises and were in a position to best control and prevent the condition exposing the Plaintiff to the unreasonable risk of harm, and knew of the defective and unsafe condition on the floor.

10. That the Defendant owed a duty to the Plaintiff to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

11. That notwithstanding said knowledge and in total disregard of said duties, the Defendants breached the same by the following omissions, including but not limited to:

   a. Allowing the transparent, wet, slippery condition to remain on the floor for an unreasonable period of time;

   b. Failing to mop, clean and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

   c. Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said camouflaged hazard to remain in the area where customers were known to traverse;

   d. Failing to warn business invitees and others of the dangerous and hazardous condition on their premises.

12. That Defendants are liable for the negligent actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior.*

13. That Defendant's under a separate and distinct duty owed to Plaintiff, are responsible for the active negligence of its employees and are liable to Plaintiff for the injuries sustained to her.

14. That Defendants under a separate and distinct duty owed to Plaintiffs Defendants

negligently performed their respective obligations-duties to the detriment of Plaintiff under the contract causing severe and disabling injuries giving rise to tort liability.

15. That Defendants under a separate and distinct duty owed to Plaintiff Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff causing severe and disabling injuries.

16. That as a direct and proximate result of the negligence and carelessness of Defendants, and all of them, the Plaintiff sustained damages including, but not necessarily limited to:

   a. Severe injuries to right knee resulting in a torn meniscus; altered gait, permanent limp, inability to ambulate, permanent scarring; diminished extension, flexion, and range of motion; injuries to left lower arm; injuries to her head, neck, back, and spine; severe injuries to her upper and lower extremities; decrease in gross and fine motor skills; severe shock, as well as physical pain and suffering;

   b. The requirement of intense therapy for injuries which are permanent in nature;

   c. Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

   d. Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

   e. Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

   f. Severe, frequent and persistent pain which is of a continuing and permanent nature.

17. That Defendants enjoyed joint possession and control over the are/premises where Plaintiff was injured.

18. That Defendants under a separate and distinct duty owed to Plaintiff Defendant's negligently directed/escorted Plaintiff to a defective area on the premises causing Plaintiff to

sustain serious and disabling injuries.

19. That Defendants under a separate and distinct duty failed to direct/escort Plaintiff to a safe hazard free area, thereby causing Plaintiff to sustain serious and disabling injuries.

20. The Defendants through a separate and distinct theory of liability are liable to Plaintiff under the doctrine of res ipsa loquitur which the defendants breached violated.

21. That Defendant's have breached their respective duties under the International Property Maintenance Code (2009 Edition) and Building Construction Ordinance Section 302.3, which is applicable under MCLA 554.139. Said statutory/code breach caused Plaintiff's severe injuries to her detriment.

22. That in the event that Plaintiff was suffering from any other medical and/or emotional condition, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff prays for Judgment against the Defendant in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICE OF KELMAN & FANTICH

Dated: April 28, 2021

By: _____
BRIAN L. FANTICH P-60935
Attorney for Plaintiff